## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

NORMAN WHITNEY, SR.,
*Plaintiff-Appellant,*

v.

CITY OF ST. LOUIS, MISSOURI; SHELLEY SHARP, in both her Official
Capacity as a Corrections Officer and Individually,
*Defendants-Appellees.*

On Appeal from the United States District Court for the
Eastern District of Missouri, No. 4:16-cv-01372
Before the Hon. Carol E. Jackson, District Judge

## PETITION FOR REHEARING EN BANC

James Everett Hullverson, Jr.
HULLVERSON & HULLVERSON
9552 Clayton Road
St. Louis, MO 63124
(314) 991-2779

David C. Fathi*
Amy Fettig
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
915 15th St. NW
Washington, DC 20005

*Not admitted in DC;
practice limited to the federal courts.*

David M. Shapiro
RODERICK & SOLANGE MACARTHUR
  JUSTICE CENTER
NORTHWESTERN PRITZKER SCHOOL
  OF LAW
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-0711

Amy E. Breihan
RODERICK & SOLANGE MACARTHUR
  JUSTICE CENTER
3115 S. Grand Blvd.
Suite 300
St. Louis, MO 63118
(314) 254-8540

*Attorneys for Plaintiff-Appellant*

*Additional counsel listed on inside cover*

Anthony E. Rothert
AMERICAN CIVIL LIBERTIES UNION
    OF MISSOURI FOUNDATION
906 Olive Street, #1130
St. Louis, MO 63101
(314) 652-3114

Margo Schlanger
625 South State Street
Ann Arbor, MI 48109

Pursuant to Federal Rules of Appellate Procedure 35 and 40, Appellant seeks rehearing en banc in this case.

## Rule 35(b) Statement in Support of Rehearing En Banc

This proceeding involves a question of exceptional importance that divides the federal courts of appeals: whether objective or subjective standards govern Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees. The full Court's consideration of the issue is warranted because the panel filed a precedential opinion that adopts a position on this important and complex circuit split.

In *Kingsley v. Hendrickson*, the Supreme Court held that pretrial detainees' Fourteenth Amendment claims involving excessive force are governed by an "objective[,] not subjective" standard. 135 S. Ct. 2466, 2472 (2015). The Court rejected a subjective standard that would have required a pretrial detainee to show that an officer used excessive force with malicious intent. *Id.* at 2475-76. The Supreme Court also stated that its prior decision in *Bell v. Wolfish*, 441 U.S. 520 (1979), "applied [an] objective standard to evaluate a *variety* of prison conditions . . . . In doing so, [*Bell*] did not consider the prison officials' subjective beliefs . . ." 135 S. Ct. at 2473 (citing *Bell*, 441 U.S. at 541–43) (emphasis added).

1

In the wake of *Kingsley*, the federal courts of appeals have divided on whether its holding extends to pretrial detainees' conditions-of-confinement claims that do not involve excessive force and that previously were governed in the courts of appeals by the subjective deliberate indifference standard. The full Court should hear this case to consider which side of the circuit split to join on the following question:

> Whether, following *Kingsley*, objective or subjective standards govern a pretrial detainee's Fourteenth Amendment claim involving conditions-of-confinement claims other than excessive force?

In this case, the panel squarely decided this question in footnote 4: "Whitney Sr. asserts that the Supreme Court's conclusion in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015), that 'the relevant standard is objective not subjective' should apply here. *Kingsley* does not control because it was an excessive force case, not a deliberate indifference case." Panel Opinion (Op.) 4 n.4.

The panel's holding in footnote 4, that the case is governed by a subjective standard, conflicts directly with the holdings of the Second Circuit and the en banc Ninth Circuit, both of which have concluded that *Kingsley* forbids the use of the subjective deliberate indifference standard in cases brought by pretrial detainees. *See Darnell v. Pineiro*, 849 F.3d 17, 34–35 (2d Cir. 2017) (holding that "[f]ollowing the Supreme Court's analysis in *Kingsley*," "the subjective intent requirement for deliberate indifference" no longer applies to Fourteenth Amendment claims brought by pretrial detainees); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th

2

Cir. 2016) (en banc) ("Under *Kingsley*, a pretrial detainee need not prove . . . subjective elements about the officer's actual awareness of the level of risk."). *But see Nam Dang v. Sheriff, Seminole Cty.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (retaining subjective deliberate indifference standard for pretrial detainees post-*Kingsley*); *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419-20 & n.4 (5th Cir. 2017) (same).

In short, this case cleanly presents a complicated issue that divides the courts of appeals. This Court should grant rehearing en banc to give the question the full consideration that it deserves. At minimum, the Court should hold this case pending the en banc decision in *Ingram v. Cole County*, No. 16-1046, which could dictate the standard to apply here.

## Background

After arresting Norman Whitney, Jr., police took him to a hospital, where Whitney expressed a desire to die. Op. 2. Medical staff determined that he was suicidal. *Id.* Four days later, Whitney was released from the hospital and taken to jail. *Id.*

The jail housed Whitney in a medical unit where he was to be monitored for reasons that included heroin detoxification. *Id.* On the day Whitney was moved to the medical unit, Corrections Officer Shelly Sharp was responsible for monitoring him. *Id.* at 3. She had a closed circuit television to do so. *Id.*

3

But Sharp did not monitor Whitney as she was supposed to, or at least not consistently. *Id.* Sharp observed Whitney pacing back and forth at 9:05 a.m. *Id.* Then she ignored him for the next fourteen minutes. *Id.* When Sharp next checked on Whitney, at 9:19 a.m., he was dead. *Id.* As Sharp ignored him, Whitney had torn apart his medical gown, fashioned it into a noose, and hanged himself. *Id.*

Whitney's father brought suit in Missouri state court against Sharp and the City of St. Louis, which operated the jail, alleging federal claims under 42 U.S.C. § 1983. *Id.* He also alleged a state law claim. *Id.* The defendants removed the case to the United States District Court for the Eastern District of Missouri and moved to dismiss the complaint. *Id.* at 3.

The district court granted the motion to dismiss. Per the district court, Sharp was not—as a matter of law—deliberately indifferent in failing to monitor Whitney as Whitney ripped apart his gown, readied the noose, and hanged himself. *Whitney v. City of St. Louis*, No. 4:16–CV–1372, 2017 WL 1281435, at *2 (E.D. Mo. Apr. 6, 2017). Specifically, the district court opined that Whitney's father could not establish Sharp's subjective awareness of a risk to Whitney because there was no evidence that Sharp subjectively "knew that Whitney posed a substantial risk of suicide." *Id.* Having found no constitutional violation, the district court also dismissed the claim against the City brought under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *Id.* at *3.

4

Whitney's father appealed to this Court, arguing that the district court erred in holding that that in order to make out a constitutional violation, he needed to show that Sharp subjectively perceived a risk that Whitney would kill himself. Op. 4 n.4. The panel rejected that argument in footnote 4, *id.*, holding *Kingsley* does not apply, and creating a circuit split with the Second and Ninth Circuits. *See Darnell*, 849 F.3d at 34–35; *Castro*, 833 F.3d at 1071.

The panel's disposition of the case flows directly from its decision to resolve the circuit split in favor of a subjective test: The plaintiff did not "establish[ ] the *subjective prong* of the deliberate indifference claim." Op. 5 (emphasis added). Having found no predicate constitutional violation by the individual defendant under this subjective test, the panel also affirmed dismissal of the *Monell* claim against the City. *Id.* at 5-6.

This petition followed.

### Summary of Argument

This case presents a divisive circuit split, *see supra* 2–3, which the panel resolved incorrectly. The full Court should consider the effect of *Kingsley v. Hendrickson* on non-use of force conditions claims brought by pretrial detainees.

For pretrial detainees, the subjective deliberative indifference standard—which forces the plaintiff to prove a malicious state of mind over a defendant's self-serving declarations of good faith and ignorance of risk—simply does not cut it. This

5

standard, which the Supreme Court applied to post-conviction prisoners in *Farmer v. Brennan*, emanates solely from the Eighth Amendment's Cruel and Unusual Punishments Clause, which prohibits the "wanton" infliction of punishment. 511 U.S. 825, 834 (1994).

Pretrial detention is a realm separate from criminal punishment, and *Kingsley* proclaims that pretrial detention is unique. Unlike convicted prisoners, pretrial detainees have not been convicted of any crime. *Kingsley*, 135 S. Ct. at 2474. They may not be punished at all because they are incarcerated solely for purposes of detention, and are shielded by a different constitutional provision (the Fourteenth Amendment Due Process Clause, as opposed to the Eighth Amendment Cruel and Unusual Punishments Clause). *Id*. at 2575. Pretrial detainees have a right against *all* punishment, a protection far greater than a convicted prisoner's right against cruel and unusual punishment. *Id*. For these reasons, *Kingsley* makes clear that pretrial detainees need not meet the subjective state of mind standards that apply to claims brought by those who have been convicted. *Id*.

6

**Argument**

## I. Objective standards govern pretrial detainees' conditions claims.

The Supreme Court developed the subjective deliberate indifference standard in the unique context of prison litigation arising under the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Court derived that standard from the Eighth Amendment's prohibition of "wanton" punishment—and it has never applied the Eighth Amendment or the wantonness standard to a conditions claim brought by a pretrial detainee. On the contrary, the Supreme Court has drawn a sharp distinction between Eighth Amendment conditions claims brought by convicted prisoners and Fourteenth Amendment conditions claims brought by pretrial detainees. The wantonness standard, and the subjective tests derived from it, have no place in a case like this.

### A. Culpable state of mind tests govern Eighth Amendment claims brought by convicted prisoners.

The Supreme Court has long held that the Eighth Amendment's Cruel and Unusual Punishments Clause forbids the "wanton infliction of pain." *See State of La. ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947). By definition, a "wanton" state of mind is akin to subjective deliberate indifference. Black's Law Dictionary (10th ed. 2014) (defining "wanton" as "[u]nreasonably or maliciously risking harm while being utterly indifferent to the consequences"). Accordingly, the Supreme

7

Court applies subjective state of mind tests to every species of Eighth Amendment conditions claim brought by a convicted prisoner.

In *Estelle v. Gamble*, the Court derived a subjective deliberate indifference standard for medical care claims brought by convicted prisoners from the Eighth Amendment's prohibition of "wanton" punishment: "We . . . conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In *Whitley v. Albers*, the Court applied another culpable state of mind requirement—the "malicious[] and sadistic[]" test—to excessive force claims brought by convicted prisoners. 475 U.S. 312, 320 (1986). The Court again derived this subjective test from the Eighth Amendment's wantonness requirement. *Id*. at 319. In *Farmer v. Brennan*, the Supreme Court considered an Eighth Amendment failure-to-protect claim brought by a convicted prisoner, who alleged that prison officials had failed to protect her against obvious risks of being raped. 511 U.S. at 829–30. The Court applied a subjective state of mind standard, which reflected "the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' . . . To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *Id*. at 834 (quoting *Wilson*, 501 U.S. at 297, 302–03).

Appellate Case: 17-2019   Page: 10   Date Filed: 04/26/2018 Entry ID: 4654845

## B.     Objective tests govern Fourteenth Amendment claims brought by pretrial detainees.

The Supreme Court has never applied a subjective test to a Fourteenth Amendment case about treatment in pretrial detention. Rather, the Court has differentiated sharply between pretrial detention and the incarceration of convicted prisoners, noting that pretrial detainees "have been charged with a crime but . . . have not yet been tried on the charge." *Bell v. Wolfish*, 441 U.S. 520, 523 (1979). This critical distinction in legal status is reflected in different legal standards that govern pretrial detainees' Fourteenth Amendment claims and convicted prisoners' Eighth Amendment claims. *See Kingsley*, 135 S. Ct. at 2475; *Darnell*, 849 F.3d at 35-36. Pretrial detainees must meet objective standards, not the onerous subjective state of mind tests that govern suits by convicted persons. *See Kingsley*, 135 S. Ct. at 2472; *Darnell*, 849 F.3d at 35-36.

While the Eighth Amendment prohibits "wanton" punishment of convicted prisoners, the Court held in *Bell* that the Fourteenth Amendment prohibits *all* punishment of pretrial detainees. 441 U.S. at 535; *see also Kingsley*, 135 S. Ct. at 2475; *Darnell*, 849 F.3d at 35. The Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Bell*, 441 U.S. at 535 n.16. On the other hand, "[w]here the State seeks to impose punishment without such an adjudication, the pertinent

9

constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." *Id*.; *see also Darnell*, 849 F.3d at 36.

In light of that distinction, *Kingsley* forbids the contamination of Fourteenth Amendment pretrial detainee jurisprudence with the importation of Eighth Amendment tests designed for convicted prisoners. 135 S. Ct. at 2475. In *Kingsley*, the Supreme Court concluded that Eighth Amendment culpable state of mind rules arising out of the prohibition of "wanton" punishment cannot be extended to pretrial detainees, who have a Fourteenth Amendment right to be free from all punishment. *Id*. "The language of the two Clauses differs," the Court reasoned, "and the nature of the claims often differs. And, most importantly, pretrial detainees (unlike convicted prisoners) cannot be punished at all . . ." *Id*.

Because there is no requirement that a pretrial detainee demonstrate the wanton infliction of pain, "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id*. at 2473–74; *see also Darnell*, 849 F.3d at 35-36; *Castro*, 833 F.3d at 1069. Thus, "the appropriate standard for a pretrial detainee's excessive force claim," *Kingsley* held, "is solely an objective one." 135 S. Ct. at 2473.

### C. The logic of *Kingsley* is not limited to claims of excessive force.

While it is true that the narrow issue in *Kingsley* involved an excessive force claim, the logic of the decision dictates that subjective standards designed for claims brought by convicted prisoners cannot be applied to any species of conditions claim brought by a pretrial detainee. *Darnell*, 849 F.3d at 35-36; *Castro*, 833 F.3d at 1069-70. In this case, the panel erred in concluding that "*Kingsley* does not control because it was an excessive force case, not a deliberate indifference case." Op. 4 n.4.

First, as explained above, *Kingsley*'s rejection of a subjective standard for pretrial detainees turns on a distinction between the legal status of pretrial detainees and convicted prisoners, and a distinction between the protections afforded by the Eighth and Fourteenth Amendments. *See Darnell*, 849 F.3d at 35. *Kingsley* does not turn on a distinction between force and non-force claims. *See Darnell*, 849 F.3d at 35; *Castro*, 833 F.3d at 1070. Thus, Whitney had the same legal status at the time of his death that Kingsley had when officers allegedly attacked him—both were pretrial detainees. Because of their status as pretrial detainees, both men shared in the guarantee of the Fourteenth Amendment, not the less generous protection that the Eighth Amendment affords to persons who have been adjudicated guilty of a crime. *See Darnell*, 849 F.3d at 36.

Second, the logic of *Kingsley* cannot be restricted to force claims alone because *Kingsley* explicitly interprets *Bell* to mandate the use of an objective

11

standard for a broad range claims brought by pretrial detainees: "The *Bell* Court applied [an] objective standard to evaluate a *variety* of prison conditions . . . . In doing so, it did not consider the prison officials' subjective beliefs . . ." 135 S. Ct. at 2473 (citing *Bell*, 441 U.S. at 541–43) (emphasis added); *Ingram v. Cole Cty.*, 846 F.3d 282, 286 (8th Cir. 2017) (stating that, under *Kingsley*, *Bell*'s objective analysis is "the standard for evaluating prison conditions for pretrial detainees"), *rehn'g en banc granted*, No. 16-1046, Apr. 17, 2017; *Dilworth v. Adams,* 841 F.3d 246, 248 (4th Cir. 2016) (applying objective *Bell* test to conditions of confinement, expressly distinguishing detainees from convicted prisoners and citing *Kingsley*); *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (applying objective test to jail policy); *Davis v. Wessel*, 792 F.3d 793, 800 (7th Cir. 2015) (adopting objective test under *Kingsley* in civil commitment context for conditions of confinement case; noting that rights are the same as pretrial detainees).

Third, the panel's limitation of *Kingsley* to use-of-force cases creates an illogical result: If detainees can win use-of-force cases with objective evidence alone, but must provide state of mind evidence in all other types of conditions cases, jail staff will enjoy the *least* deference in use-of-force litigation. That cannot be right. The Supreme Court has stated that corrections personnel must have the *most* deference in the use-of-force context, where guards must act "quickly and decisively," *Hudson v. McMillian*, 503 U.S. 1, 6 (1992), making split-second

12

decisions "in haste, under pressure, and frequently without the luxury of a second chance." *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

In this case, the panel opinion adverted to *Coleman v. Parkman*, 349 F.3d 534, 538 (8th Cir. 2003), which extended the subjective deliberate indifference standard to claims that jail staff failed to prevent suicides by pretrial detainees. Op. 4. *Coleman*, however, does not survive *Kingsley*. Before *Kingsley*, this Court in *Coleman* extended the subjective deliberate indifference standard to pretrial detainees' suicide claims, just as the Ninth Circuit in *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1242–43 (9th Cir. 2010), extended the subjective deliberate indifference standard to pretrial detainees' suicide claims, and just as the Second Circuit in *Caiozzo v. Koreman*, 581 F.3d 63, 71 (2d Cir. 2009), extended the subjective deliberate indifference standard to pretrial detainees' medical care claims.

In the wake of *Kingsley*, however, these courts have overruled *Clouthier* and *Caiozzo*, and now hold that pretrial detainees' claims are governed by objective standards. *See Castro*, 833 F.3d at 1070 (overruling *Clouthier*); *Darnell*, 849 F.3d at 35 (overruling *Caiozzo*). This Court should do the same by overruling *Coleman* and other cases applying subjective standards to Fourteenth Amendment claims brought by pretrial detainees. Indeed, Judge Loken noted in the en banc argument in *Ingram* that *Kingsley* may overrule his opinion in *Butler v. Fletcher*, 465 F.3d 340 (8th Cir. 2006), which, like *Coleman*, applied the deliberate indifference standard to a pretrial

13

detainee's Fourteenth Amendment claim. Oral Argument En Banc at 21:20–21:44, *Ingram*, 846 F.3d 282 (No. 16-1046), http://media-oa.ca8.uscourts.gov/OAaudio/2017/10/161046eb.MP3 (suggesting that *Butler v. Fletcher* "has been overruled").

## II. This Court should adopt the Second Circuit's objective standard for pretrial detainees' Fourteenth Amendment claims.

This Court should grant rehearing en banc and adopt the post-*Kingsley* test that governs non-force Fourteenth Amendment claims brought by pretrial detainees in the Second Circuit. Under that test (the *Darnell* test):

> to establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment, [a] pretrial detainee must prove [1] that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though [2] the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Darnell*, 849 F.3d at 35.[1]

---

[1] The Ninth Circuit adopted a similar objective test in *Castro*:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

14

The *Darnell* test is objective because it does not require subjective knowledge of risk. Critically, however, the standard is more exacting than negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Fourteenth Amendment rights are "not implicated by a negligent act of an official").

Under the first prong, the plaintiff must be exposed to risk by an *intentional or reckless decision* of the defendant. By imposing a requirement above and beyond negligence, the *Darnell* test adheres to the established principle that mere negligence does not violate the Constitution. *Darnell*, 849 F.3d at 36. *Darnell*, then, does not purport to "tortify the Fourteenth Amendment." *Kingsley*, 135 S. Ct. at 2479 (Scalia, J., dissenting).

At the same time, this exacting objective test adheres to *Kingsley* and *Bell* by exempting pretrial detainees from the subjective standards that apply to convicted prisoners. The test helps to protect the reasonable safety of pretrial detainees, who have not been convicted of any crime, but who are exposed to danger as an incident of their incarceration. After all, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding

---

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071; *see also Alderson*, 848 F.3d at 424 (Graves, J., specially concurring in part) (advocating *Castro* test).

15

duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).

### III. The complaint states a claim under the Second Circuit's test.

The Court should grant rehearing whether or not this particular case satisfies the *Darnell* test because footnote 4 of the panel's precedential decision takes a position on a substantial circuit split and will affect future cases. The reasons for granting rehearing are even more compelling, however, because the viability of this case rises or falls depending on which test the Court adopts.

The panel's *ratio decidendi* was that "the complaint fails to allege facts establishing the *subjective prong* of the deliberate indifference claim . . . The complaint contains a legal conclusion that Sharp was deliberately indifferent but fails to make any allegation about Sharp's knowledge. This conclusory statement does not save the complaint absent any allegation of knowledge." Op. 5 (emphasis added). In the panel's view, this was fatal to the complaint.

But the lack of allegations regarding Sharp's subjective awareness of risk are not fatal under the *Darnell* test, and the complaint states a plausible claim under that test. Under the first prong, there is no suggestion that Sharp's failure to monitor a detainee she was charged with monitoring was accidental or unintentional—it was intentional. *See* Op. 3. At minimum, Sharp's failure to monitor Whitney was reckless, since Sharp was responsible for doing so. Under the second prong, Sharp's

16

failure to monitor Whitney exposed him to excessive risk; the dangers of failing to monitor a detainee a jail staff member is tasked with monitoring are obvious. *Id.* Jail staff surely could have prevented Whitney from committing suicide if Sharp had done her job and observed him, rather than ignoring him for fourteen minutes as he tore apart his gown and began to fashion a rope. *Id.*

### IV. At minimum, the Court should hold this case pending its decision in *Ingram v. Cole County*.

As noted above, the panel opinion in *Ingram* discusses the impact of *Kingsley* on Fourteenth Amendment claims brought by pretrial detainees, and the issue was briefly addressed at the en banc oral argument in *Ingram*. If the Court does not wish to grant rehearing en banc immediately in this case, it may wish to hold this petition until it disposes of *Ingram*. It is possible that *Ingram* will dictate the standard to apply in this case and call for a remand to allow the district court to apply that standard here. It is also possible that *Ingram* will leave open questions that warrant oral argument before the en banc Court in this case.

### CONCLUSION

For the foregoing reasons, the Court should grant rehearing en banc and reverse the judgment below.

17

DATE:  April 26, 2018

Respectfully submitted,

s/David M. Shapiro

James Everett Hullverson, Jr.
HULLVERSON & HULLVERSON
9552 Clayton Road
St. Louis, MO 63124
(314) 991-2779

David C. Fathi*
Amy Fettig
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
915 15th St. NW
Washington, DC 20005

Anthony E. Rothert
AMERICAN CIVIL LIBERTIES UNION
   OF MISSOURI FOUNDATION
906 Olive Street, #1130
St. Louis, MO 63101
(314) 652-3114

Margo Schlanger
625 South State Street
Ann Arbor, Michigan 48109

*Not admitted in DC;
practice limited to the federal courts.

David M. Shapiro
RODERICK & SOLANGE MACARTHUR
   JUSTICE CENTER
NORTHWESTERN PRITZKER SCHOOL
   OF LAW
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-0711

Amy E. Breihan
RODERICK & SOLANGE MACARTHUR
   JUSTICE CENTER
3115 S. Grand Blvd.
Suite 300
St. Louis, MO 63118
(314) 254-8540

*Attorneys for Plaintiff-Appellant*

18

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ David M. Shapiro
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limit of Fed. R. App. P. 35(b)(2) because, excluding the parts of the document exempted by Fed. R. App. P 32(f), this document contains 3,899 words.

This document complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word 2016 and uses Times New Roman 14-point font.

In accordance with Circuit Rule 28A(h), I certify that this document has been scanned for viruses and is virus-free.

/s/ David M. Shapiro
Attorney for Appellant